(66 Misc. Rep. 290.)

### HIRSCH v. TWELFTH WARD BANK.

(Supreme Court, Special Term, New York County. February, 1910.)

CORPORATIONS (§ 477*)—CONTRACTS—MORTGAGES—ASSENT OF STOCKHOLDERS.
    An assignment by a corporation, the owner of an equity of redemption in certain property, of the rents thereof to a holder of a third mortgage thereon, not made by the corporation, and the payment of which it had not assumed, in order to prevent the threatened foreclosure thereof, is not in violation of Stock Corporation Law (Laws 1892, c. 688) § 2, requiring assent of stockholders to execution of mortgage.
    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 477.*]

Action by Albert Hirsch against the Twelfth Ward Bank. Demurrer to complaint sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. H. Hirsch, for plaintiff.

A. W. Ashburn, Jr., for defendant.

O'GORMAN, J.    The corporation of which the plaintiff is now receiver was seised of the equity in certain real estate, and in order to prevent a threatened foreclosure suit at the instance of the third mortgagee delivered to the said mortgagee an instrument whereby it assigned to the said mortgagee the rents of the premises in question and authorized the said mortgagee to enter into possession thereof. This action is now brought for an accounting, on the ground that the said instrument constituted a mortgage, and was invalid, under section 2 of the stock corporation law, which requires the consent of not less than two-thirds of the capital stock of the corporation to the making of a corporate mortgage, and which act further provides that such mortgage shall be given only to secure the payment of the obligations of the corporation.

In my opinion the act has no application. The instrument is nominally an assignment of the rent, but in substance is a permission to the mortgagee to go into possession of the mortgaged premises. While an assignment of rents and profits of land as security for a debt is a mode of creating an equitable lien on the land in favor of the assignee, yet equity looks at the final intent and purpose rather than at the form. Pom. Eq. Juris. § 1237. As the land was already security for the debt, to execute an assignment by way of security upon the same land would be a useless proceeding. Some real object must be imputed to the act, and the authorization to the defendant to enter into possession of the premises appears to be the only purpose of the instrument. If the defendant could secure peaceable possession of the premises, it was entitled by law to collect the rents and profits and apply the same upon the mortgage. If peaceable possession could not be secured, the defendant under the circumstances was at liberty to procure the appointment of a receiver to collect the rents for its benefit. The corporation voluntarily permitted what the mortgagee could readily secure by the appointment of a receiver in a foreclosure action. While the corporation neither made nor assumed the payment of the mortgage, and consequently was not liable for the debt, the execution of the instrument in question was manifestly for its benefit, and necessary in order to protect its equity in the premises. Disregarding the conclusion of law set forth in the complaint, there are no proper allegations of fraud or want of consideration.

Demurrer sustained, with costs and usual leave.